## UNITED STATED DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

JOYCE. JENKINS,
                    Plaintiff,

v.

TOWN OF BROOKLINE,
                    Defendant,

## COMPLAINT WITH DEMAND FOR JURY TRIAL

## I.   INTRODUCTION

1. The Plaintiff, Joyce Jenkins, ("Ms. Jenkins") brings this complaint against the Defendant,

   Town of Brookline ("Employer"), her former employer for,: (i) violations of the Family

   and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.;* (ii) discrimination on the

   basis of disability in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C.

   § 12101 *et seq.* and the Massachusetts Fair Employment Practices Act ("MFEPA") Mass.

   Gen. Laws. ch. 151B, §4; (iii) discrimination on the basis of age in violation of the Age

   Discrimination in Employment Act ("ADEA") 29 U.S.C. §621 *et seq.* and the

   Massachusetts Fair Employment Practices Act ("MFEPA") Mass. Gen. Laws. ch. 151B,

   §4.

## II.   PARTIES

2. The Plaintiff, Joyce Jenkins, is an adult resident of Suffolk County, Massachusetts.  Ms. Jenkins was at all relevant times over the age of forty (40.)

3. The Defendant, Town of Brookline ("Employer") is and was at all relevant times a municipal corporation with its principal place of business in Brookline, Norfolk County, Massachusetts.

## III.    JURISDICTION

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1331, which grants the Court original jurisdiction over civil action arising under federal laws; 29 U.S.C. §2617 which grants the Court subject matter jurisdiction over FMLA violations; 42 U.S.C. §12117 which grants the Court subject matter jurisdiction over violations of the ADA; 29 U.S.C. §626 which grants the Court subject matter jurisdiction over violations of the ADEA; and 28 U.S.C. §1367, which grants the Court supplemental jurisdiction over the state claims that are so related to the federal claims that are within the original jurisdiction that the state claims form part of the same case or controversy.

5. Personal jurisdiction and venue are appropriate pursuant to 28 U.S.C. §1391 since the Plaintiff resides in Suffolk County, Massachusetts; the Defendant, Town of Brookline, has it principal place of business in Norfolk County, Massachusetts; and the unlawful conduct complained of occurred in this District.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff timely filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"), and the MCAD timely dual filed the Complaint with the Equal Employment Opportunity Commission ("EEOC".)

7. The Plaintiff timely exhausted the state administrative requirements and received a final Lack of Probable Cause finding from the MCAD on June 14, 2012.  A copy of this final Lack of Probable Cause finding is attached as Exhibit 1.

8. More than ninety days have passed since the Plaintiff's complaint was filed at the EEOC, and the Plaintiff received a Notice of Right to Sue Notice dated April 30, 2013. A copy of the EEOC Notice of Right to Sue is attached as Exhibit 2.

9. The Plaintiff timely exhausted the federal administrative requirements.

### IV. FACTS

10. Ms. Jenkins began working for the Town in 1985 and was terminated on October 26, 2011.

11. Ms. Jenkins' most recent position was as a Data Controller in the Information Technology Department.

12. From 1997 until 2007, Ms. Jenkins' direct supervisor was Jon Snodgrass who held the position of Director of the Town of Brookline I.T. Department.

13. Kevin Stokes ("Mr. Stokes") became Ms. Jenkins' direct supervisor in 2007 and continued to be Ms. Jenkins direct supervisor until Ms. Jenkins termination. Mr. Stokes is and was at all relevant times the Town of Brookline's Chief Information Officer.

14. Ms. Jenkins did not have any disciplinary issues in her personnel file from 1985 until the summer of 2011.

15. On January 28, 2011, Ms. Jenkins was in car accident in which she suffered serious injuries to her face and head.

16. As a result of this car accident, Ms. Jenkins suffered from a concussion syndrome and anxiety disorder, and suffered from recurring symptoms, including debilitating headaches, memory loss, and the inability to multitask.

17. The Town of Brookline approved Ms. Jenkins FMLA leave from March 2, 2011 through March 14, 2011.

18. Thereafter, the Town granted Ms. Jenkins reduced leave, allowing her to work reduced shifts from 8:00 AM to 1:00 PM, which was then increased to 8:00 AM to 1:30 PM beginning on May 2, 2011.

19. Ms. Jenkins continued to work on a reduced schedule until her termination on October 26, 2011.

20. On February 2, 2011, Ms. Jenkins used a sick day as a result of her concussion syndrome, and Mr. Stokes threatened to terminate her like he had recently terminated another employee for having taken sick days.

21. Mr. Stokes' statement was clearly calculated to discourage Ms. Jenkins from exercising her FMLA rights in the future.

22. When Ms. Jenkins took FMLA leave in March 2011, Mr. Stokes improperly called Ms. Jenkins at her home while she was on leave, and when Ms. Jenkins was working the reduced hours as intermittent leave, Mr. Stokes began pressuring her to work full time, pressuring her to work different reduced shifts, and harassing her.

23. These contacts, and other acts, by Mr. Stokes had a chilling effect on Ms. Jenkins's FMLA rights.  Further, Mr. Stokes' harassment ultimately caused Ms. Jenkins's medical problems to worsen.

24. From March 2, 2011 until October 20, 2011, Ms. Jenkins' treating physician, Dr. Suzanne A.  Gleysteen, notified the Town that Ms. Jenkins' medical impairments were worsening.

25. Dr. Gleysteen stated in writings submitted to the Town that Ms. Jenkins: (1) "has had a regression in her progress with increasing fatigue, this is due to her having to work longer hours than" 8 to 1:30; (2) "has had a regression in her progress with increasing fatigue"; (3) "has had a regression in her progress with increasing fatigue and will be seeing me on an increasing basis;" (4) "ability to multi-task is extremely limited and she cannot do what she used to do in a full day in her current 8-1:30 restricted day"; (5) "developed severe anxiety in the setting of the work place and I have started her on medications"; (6) "stress level at work has intensified the regression of the concussion symptoms and has made her unable to sleep;" (7) "is suffering from post-concussive syndrome after a MVA [and] this can result in memory loss."

26. Throughout her FMLA leave Ms. Jenkins had contacted the HR personnel and the Town Nurse explaining the problems that she was having with Mr. Stokes with respect to her FMLA leave.

27. On August 9, 2011, the Director of HR responded to Ms. Jenkins requests for a meeting and suggested times when she could meet with Ms. Jenkins.

28. One day later, on August 10, 2011, Mr. Stokes asked that HR investigate Ms. Jenkins with respect to a training voucher.

29. Then, less than one week later, on August 15, 2011, Mr. Stokes gave Ms. Jenkins a written warning for not completing work on time [work performance] and for explaining the reasons why the work was not complete [insubordination].

30. This August 15, 2011 warning was at the very least FMLA interference, and more likely FMLA retaliation.

31. The Town of Brookline Human Resource Board itself, after a October 12, 2011, Step 2 hearing, which did not relate to these FMLA issues, reduced this written warning to an oral reprimand.  The Board also recommended that Mr. Stokes prepare a work plan for Ms. Jenkins.

32. Mr. Stokes gave Ms. Jenkins a written warning and eventually terminated Ms. Jenkins, premised on a baseless allegation that Ms. Jenkins committed fraud in signing up Jason Kearns, a Brookline Payroll Department employee, for a third-party voucher program.

33. In reality, the fraud allegation was pretext for the discriminatory animus that Mr. Stokes harbored against Ms. Jenkins because of her use of FMLA leave.

34. Both the written warning and Ms. Jenkins's termination comprise illegal FMLA retaliation.

35. Ms. Jenkins diagnosis of concussion syndrome, anxiety disorder, and recurring symptoms, including debilitating headaches, memory loss and the inability to multitask, constitute a disability under the ADA and/or a handicap under the MFEPA.

36. These impairments limited, among other life activities, the proper function of Ms. Jenkins's brain and neurological system.

37. Ms. Jenkins' was at all times material a qualified individual under 42. U.S.C. § 12111(8); and a qualified handicapped person under Mass. Gen. Laws ch. 151B, § 4 (2) because she was able to perform the essential functions of her position, with or without reasonable accommodation, as they were defined by the Town of Brookline's job description for a Data Assistant.

38. The Town of Brookline is a qualified employer under the ADA and the MFEPA and the Town, through its agents, servants and employees knew and/or perceived that Ms. Jenkins had a physical or mental impairment that limited a major life activity.

39. Often when Mr. Stokes and Ms. Jenkins discussed Ms. Jenkins' impairments and her reduced hours, Mr. Stokes would yell at Ms. Jenkins, criticize her for not working full time, and speak in a demeaning way to Ms. Jenkins.

40. The HR director, HR assistant director and nurse, and other Town employees, knew about Mr. Stokes' harassment but took no meaningful or effective action to prevent his behavior.

41. Instead, the Town allowed Mr. Stokes' to remain the person who held the final hearing on whether the Town should discharge Ms. Jenkins.

42. By taking these actions, Mr. Stokes, among others, created a hostile work environment for Ms. Jenkins, and the Town of Brookline is vicariously liable.

43. The above acts of Mr. Stokes and of the Town of Brookline in harassing Ms. Jenkins and in terminating her constitute adverse actions on the basis or actual and/or perceived disability in violation of the ADA and the MEFRA.

44. Ms. Jenkins at all relevant times has been over forty (40) of age.

45. The Town of Brookline is an employer covered by the ADEA and by the MFEPA.

46. Mr. Stokes made it very clear to Ms. Jenkins and other Brookline employees that he was frustrated with his inability to "get rid of people who have been here so long."

47. Mr. Stokes stated to Ms. Jenkins that he was frustrated, because he did not have a personal assistant.  After Mr. Stokes presided over Ms. Jenkins' hearing and decided to discharge her as described in the above paragraphs, the job title for Ms. Jenkins' position as "Data Controller " was changed to "Personal Assistant" and the vacancy was filled with a person younger than Ms. Jenkins.

48. By leveling this fraud charge at Ms. Jenkins, Mr. Stokes was able to finally achieve his goal of getting rid of a person who had been working for the Town of Brookline for "so long."

49. Thus, Ms. Jenkins was discharged on the basis of her age, in violation of the ADEA and the MFEPA.

## V.   CLAIMS FOR RELIEF

**FIRST CLAIM: VIOLATION OF FAMILY MEDICAL LEAVE ACT – 29 U.S.C. §§2601-2654**

50. Paragraphs 1 through 49 of this Complaint are repeated and incorporated as though fully set forth herein.

51. The Town of Brookline was at all relevant times and is an "employer" as defined in the FMLA, 29 U.S.C. §2611(4) as the Town employed more than fifty employees within a seventy-five mile radius for each working day during each of twenty or more calendar work weeks in the current and preceding calendar years.

52. Ms. Jenkins was at all relevant times and is an "eligible employee" as defined in the FMLA, 29 U.S.C. §2611(2); had not exhausted her allotment of twelve weeks of FMLA

leave during a twelve-month period; and had worked the requisite twelve months prior to her FMLA requests.

53. The Plaintiff had a serious health condition under 29 U.S.C. §2611(11) and 29 C.F.R. §825.113.

54. The Plaintiff was entitled under the FMLA to up to twelve work-weeks of leave for her serious health condition, which could be used intermittently or on a reduced leave basis and which leave was medically necessary, under 29 U.S.C. §§ 2612(a)(1)(C) and (D) and §2612(b)(1).

55. The Town of Brookline's conduct, through its agents, servants, and employees violated the Plaintiff's rights under the FMLA 29 U.S.C. §§2601-2654.  These violations include, but are not limited to, violations of 29 U.S.C. §2615(a)(1) (interference) and its implementing regulations; and violations of 29 U.S.C. §2615(a)(2) (retaliation) and its implementing regulations.

56. The Town of Brookline's interference, threats, disciplinary actions, termination and retaliation constitute willful violations of the FMLA including, but not limited to, rights under the FMLA 29 U.S.C. §§2601-2654.  These violations include, but are not limited to, violations of 29 U.S.C. §2615(a)(1) (interference) and its implementing regulations; and violations of 29 U.S.C. §2615(a)(2) (retaliation) and its implementing regulations.

57. As a direct and proximate result of the Town of Brookline's violations of the Family Medical Leave Act, 29 U.S.C. §§2601-2654, the Plaintiff, Ms. Jenkins, has incurred and continues to incur monetary damages including, but not limited to:  loss of  back and front wages; loss of earning capacity;  loss of fringe benefits and pension and retirement benefits.

**SECOND CLAIM: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT (ADA) 42 U.S.C. §12101 *et seq.***

58. Paragraphs 1 through 57 of this Complaint are repeated and incorporated as though fully set forth herein.

59. The Town of Brookline was at all relevant times and is an "employer" as defined by 42 U.S.C. §12101 *et seq.*

60. Ms. Jenkins was at all relevant times a qualified individual and a qualified handicapped individual as defined in 42 U.S.C. §12101 *et seq.* and/or the Town of Brookline, through its agents, servants and employees perceived Ms. Jenkins to have a mental of physical impairment as defined in 42 U.S.C. §12101 *et seq.*

61. Ms. Jenkins timely met each of the administrative prerequisites required by 42 U.S.C. §12101 *et seq.*

62. The Town of Brookline's conduct, through its agents, servants, and employees violated the Plaintiff's rights under 42 U.S.C. §12101 *et seq.*

63. The Town of Brookline knew of the conduct of its agent, servant, and employee, Mr. Kevin Stokes, in creating a hostile work environment for Ms. Jenkins, yet the Town took no meaningful or effective action to prevent Mr. Stokes' behavior, and as a result the Town of Brookline is vicariously liable for Mr. Stokes' behavior.

64. As a direct and proximate result of the Town of Brookline's violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.,* the Plaintiff, Ms. Jenkins, has incurred and continues to incur monetary damages including, but not limited to: loss of back and front wages;  loss of earning capacity;  loss of fringe benefits and pension and retirement benefits; emotional distress; pain and suffering; loss of enjoyment of life; and mental anguish.

**THIRD CLAIM:  DISABILITY DISCRIMINATION IN VIOLATION THE
MASSACHUSETTS FAIR EMPLOYMENT PRACTICES ACT (MFEPA) MASS. GEN.
LAWS CHAPTER 151B**

65. Paragraphs 1 through  64 of this Complaint are repeated and incorporated as though fully set forth herein.

66. The Town of Brookline was at all relevant times and is an "employer" as defined by Mass. Gen. Laws. ch. 151B, §1 *et seq.*

67. Ms. Jenkins was at all relevant times a qualified individual and a qualified handicapped individual as defined in Mass. Gen. Laws. ch. 151B, §1 *et seq.* and/or the Town of Brookline, through its agents, servants and employees perceived Ms. Jenkins to have a mental of physical impairment as defined in Mass. Gen. Laws. ch. 151B, §1 *et seq.*

68. Ms. Jenkins timely met each of the administrative prerequisites required by Mass. Gen. Laws. ch. 151B, §1 *et seq.*

69. The Town of Brookline's conduct, through its agents, servants, and employees violated the Plaintiff's rights under Mass. Gen. Laws. ch. 151B, §1 *et seq.*

70. The Town of Brookline's knew of the conduct of its agent, servant, and employee, Mr. Kevin Stokes, in creating a hostile work environment for Ms. Jenkins, yet the Town took no meaningful or effective action to prevent Mr. Stokes' behavior, and as a result the Town of Brookline is vicariously liable for Mr. Stokes' behavior.

71. As a direct and proximate result of the Town of Brookline's violations of the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws ch. 151B, §1 *et seq.,* the Plaintiff, Ms. Jenkins, has incurred and continues to incur monetary damages including, but not limited to: loss of back and front wages, loss of earning capacity;  loss of fringe benefits and pension and retirement benefit; emotional distress; pain and suffering; loss of enjoyment of life; and mental anguish.

11

**FOURTH CLAIM:  AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA") 29 U.S.C. §621 *et seq.***

72. Paragraphs 1 through  71 of this Complaint are repeated and incorporated as though fully set forth herein.

73. The Town of Brookline was at all relevant times and is an "employer" as defined by the ADEA 29 U.S.C. §621 *et seq.*

74. Ms. Jenkins was at all relevant times over the age of forty (40) and entitled to protection under the ADEA.

75. Ms. Jenkins timely met each of the administrative prerequisites required by 29 U.S.C. §621 *et seq.*

76. The Town of Brookline's conduct, through its agents, servants, and employees violated the Plaintiff's rights under 29 U.S.C. §621 *et seq.*

77. As a direct and proximate result of the Town of Brookline's violations of the Age Discrimination in Employment Act 29 U.S.C. §621 *et seq.,* the Plaintiff, Ms. Jenkins, has incurred and continues to incur monetary damages including, but not limited to: loss of back and front wages;  loss of earning capacity;  loss of fringe benefits and pension and retirement benefits;  emotional distress;  pain and suffering; loss of enjoyment of life; and mental anguish.

**FIFTH CLAIM:  AGE DISCRIMINATION IN VIOLATION OF THE MASSACHUSETTS FAIR EMPLOYMENT PRACTICES ACT ("MFEPA") MASS. GEN. LAWS. CH. 151B, §4**

78. Paragraphs 1 through 77 of this Complaint are repeated and incorporated as though fully set forth herein.

79. The Town of Brookline was at all relevant times and is an "employer" as defined by Mass. Gen. Laws. ch. 151B, §1 *et seq.*

80. Ms. Jenkins was at all relevant times a person over the age of forty (40) years old.

81. Ms. Jenkins timely met each of the administrative prerequisites required by Mass. Gen. Laws. ch. 151B, §1 *et seq.*

82. The Town of Brookline's conduct, through its agents, servants, and employees violated the Plaintiff's rights under Mass. Gen. Laws. ch. 151B, §1 *et seq.*

83. As a direct and proximate result of the Town of Brookline's violations of the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws ch. 151B, §1 *et seq.,* the Plaintiff, Ms. Jenkins, has incurred and continues to incur monetary damages including, but not limited to: loss of back and front wages, loss of earning capacity; loss of fringe benefits and pension and retirement benefits; emotional distress; pain and suffering; loss of enjoyment of life; and mental anguish.


**WHEREFORE**, the Plaintiff requests that this Court:

    a. Award the Plaintiff damages for the Town of Brookline's numerous violations of the FMLA, as stated in First Claim, as follows:

        i Order the Town of Brookline to reinstate Ms. Jenkins to her prior position or to an equivalent position and to restore all of her employment benefits that she would have received had she not been terminated;

        ii Award Ms. Jenkins monetary damages equal to back wages, salary, raises, bonuses and the like with interest;

    iii    Award Ms. Jenkins liquidated pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii) because Mr. Stokes' FMLA violations were willful and not in good faith.

    iv    Award Ms. Jenkins actual damages for the additional medical costs incurred due to the increased stress that Ms. Jenkins experienced at the hands of  the Town of Brookline and its agents, servants and employees, including, but not limited to, Mr. Stokes;

    v    Award Ms. Jenkins front pay reduced to a present value in the event Ms. Jenkins is not reinstated;

    vi    Grant Ms. Jenkins interest on the monetary damages along with the costs of maintaining her action, including costs and reasonable attorneys' fees; and

    vii    Grant such other and further relief as the Court deems just and proper.

b.  Award the Plaintiff damages for the Town of Brookline's numerous violations of the ADA, as stated in Second Claim, as follows:

    i    Order the Town of Brookline to reinstate Ms. Jenkins to the level of seniority that she would have achieved had she not been terminated and to restore all of her employment benefits that she would have received had she not been terminated;

    ii    Award Ms. Jenkins monetary damages equal to back wages, salary, raises, bonuses and the like with interest;

    iii    Award Ms. Jenkins liquidated damages;

    iv    Award Ms. Jenkins actual damages for the additional medical costs incurred due to the increased stress that Ms. Jenkins experienced at the hands of the Town of Brookline and its agents, servants and employees, including, but not limited to, Mr. Stokes;

    v    Award Ms. Jenkins monetary damages for emotional distress, pain and suffering, mental anguish and loss of enjoyment of life;

    vi    Award Ms. Jenkins front pay reduced to a present value in the event Ms. Jenkins is not reinstated;

    vii    Award Ms. Jenkins punitive damages. *Bain v. City of Springfield*, 678 N.E.2d 155 (1997);

    viii    Grant Ms. Jenkins interest on the monetary damages along with the costs of maintaining her action, including costs and reasonable attorneys' fees; and

    ix    Grant such other and further relief as the Court deems just and proper.

c.    Award the Plaintiff damages for the Town of Brookline's numerous violations of the MFEPA (disability), as stated in the Third Claim, as follows:

    i    Order the Town of Brookline to reinstate Ms. Jenkins to the level of seniority that she would have achieved had she not been terminated and to restore all of her employment benefits that she would have received had she not been terminated;

    ii    Award Ms. Jenkins monetary damages equal to back wages, salary, raises, bonuses and the like with interest;

    iii    Award Ms. Jenkins liquidated damages and/or punitive damage;

    iv    Award Ms. Jenkins actual damages for the additional medical costs incurred due to the increased stress that Ms. Jenkins experienced at the hands of the Town of Brookline and its agents, servants and employees, including, but not limited to, Mr. Stokes;

    v    Award Ms. Jenkins monetary damages for emotional distress, pain and suffering, mental anguish and loss of enjoyment of life;

    vi    Award Ms. Jenkins front pay reduced to a present value in the event Ms. Jenkins is not reinstated;

    vii    Grant Ms. Jenkins interest on the monetary damages along with the costs of maintaining her action, including costs and reasonable attorneys' fees; and

    viii    Grant such other and further relief as the Court deems just and proper.

d.    Award the Plaintiff damages for the Town of Brookline's numerous violations of the ADEA, as stated in Fourth Claim, as follows:

    i    Order the Town of Brookline to reinstate Ms. Jenkins to the level of seniority that she would have achieved had she not been terminated and to restore all of her employment benefits that she would have received had she not been terminated;

15

    ii      Award Ms. Jenkins monetary damages equal to back wages, salary, raises, bonuses and the like with interest;

    iii     Award Ms. Jenkins actual damages for the additional medical costs incurred due to the increased stress that Ms. Jenkins experienced at the hands of the Town of Brookline and its agents, servants and employees, including, but not limited to, Mr. Stokes;

    iv     Award Ms. Jenkins liquidated damages pursuant to 29 U.S.C. § 29 U.S.C. §§ 216(b), 626 due to the willful violations of the Town of Brookline and its agents, servants and employees; and/or

    v      Award Ms. Jenkins front pay reduced to a present value in the event Ms. Jenkins is not reinstated; and

    vi     Grant Ms. Jenkins interest on the monetary damages along with costs of maintaining her action, including costs and reasonable attorneys' fees; and

    vii    Grant such other and further relief as the Court deems just and proper.

e.   Award the Plaintiff damages for the Town of Brookline's numerous violations of the MFEPA (age), as stated in the Fifth Claim, as follows:

    i       Order the Town of Brookline to reinstate Ms. Jenkins to the level of seniority that she would have achieved had she not been terminated and to restore all of her employment benefits that she would have received had she not been terminated;

    ii      Award Ms. Jenkins monetary damages equal to back wages, salary, raises, bonuses and the like with interest;

    iii     Award Ms. Jenkins actual damages for the additional medical costs incurred due to the increased stress that Ms. Jenkins experienced at the hands of the Town of Brookline and its agents, servants and employees, including, but not limited to, Mr. Stokes;

    iv     Award Ms. Jenkins monetary damages for emotional distress, pain and suffering, mental anguish and loss of enjoyment of life;

    v      Award Ms. Jenkins front pay reduced to a present value in the event Ms. Jenkins is not reinstated;

16

vi     Award Ms. Jenkins multiple damages of up to three times the actual damages because of the willful violations;

viii     Grant Ms. Jenkins interest on the monetary damages along with costs of maintaining her action, including costs and reasonable attorneys' fees; and

ix     Grant such other and further relief as the Court deems just and proper.

PLAINTIFF REQUESTS A JURY ON ALL CLAIMS SO TRIABLE

Respectfully submitted,

JOYCE JENKINS
By her attorney,

/s/ Constance A. Browne
Constance A. Browne
BB0 # 061330
Boston University
Civil Litigation Program
197 Friend St.
Boston, MA 02114
 (617) 603 1522
cbrowne@bu.edu

Dated:  June 4, 2013